UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| *versus* : | CRIMINAL NO. 10-140-BAJ-DLD |
| : | |
| GREGORY K. DUPONT : | |

**PLEA AGREEMENT**

1.

The Office of the United States Attorney for the Middle District of Louisiana and the Environmental Crimes Section of the United States Department of Justice, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to Count 2 of the Superseding Indictment charging him with knowingly receiving, acquiring and transporting wildlife that he knew had been taken in violation of a federal law, specifically, the Endangered Species Act, Title 16, United States Code, Section 1538(a)(1)(G) and Title 50, Code of Federal Regulations, Section 17.42(a), all in violation of Title 16, United States Code, Sections 3372(a)(1), 3373(d)(2) and Title 18, United States Code, Section 2.

2.

The United States and the defendant agree that, if the Court accepts the guilty plea, the United States will move to dismiss the remaining two (2) counts of Criminal No. 10-140-BAJ-DLD at the time of sentencing, and no additional criminal charges related to the violations contained in the Superseding Indictment or any pending charges in the Middle District of Louisiana known to the Government will be brought against the defendant in this district.

3.

The defendant agrees to provide complete and truthful information to any law enforcement agent or attorney of the United States and at any grand jury proceeding or trial. The defendant waives the Fifth Amendment privilege against self-incrimination regarding the charges in the Superseding Indictment and any pending charges relating to his American Alligator hunting activities.

4.

The United States agrees to inform the Court of defendant's actions pursuant to this Plea Agreement. The United States, however, is not obliged, as a condition of this Plea Agreement, to file any motion with the Court, either for a downward departure under Section 5K1.1 of the United States Sentencing Guidelines or to reduce the defendant's sentence under Rule 35 of the Federal Rules of Criminal Procedure. If a motion is filed, the Court, in its discretion, may or may not reduce the sentence below the guidelines range otherwise applicable.

5.

Except as otherwise provided herein, no truthful testimony or other information provided by the defendant pursuant to this Plea Agreement, or any information derived therefrom, will be used against the defendant in any criminal trial.

6.

If the defendant refuses to provide truthful information or testimony, or provides false or misleading information or testimony, he may, after a judicial finding of such, be prosecuted for any offense covered by this agreement, and all statements and information provided by the defendant may be used against him. The defendant's plea of guilty may not be withdrawn.

7.

The defendant agrees to fully and truthfully complete the financial statement provided to him by the Office of the United States Attorney and to return the financial statement to the undersigned U.S. Department of Justice attorneys within ten days of this agreement being filed with the Court. Further, upon request, he agrees to provide the United States with any information or documentation in his possession regarding his financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any judgment or claim against him, including principal, interest, and penalties is discharged or satisfied in full. This information will be utilized to evaluate his capacity to pay the government's claim or judgment against him, whatever that claim or judgment may be. If the defendant refuses to comply with this paragraph or provides false or misleading information, he may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against him. The defendant's plea of guilty may not be withdrawn.

8.

The defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal

3

remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

9.

The defendant understands that, as a result of this Plea Agreement, he could receive a maximum sentence of five (5) years per count for a total of five (5) years imprisonment, a $250,000 fine, or both. In addition, the Court must impose a special assessment of $100, which the defendant agrees to pay at the time of sentencing. The Court may also order restitution in accordance with law. The defendant understands that, if the Court imposes a term of imprisonment, he may also receive a term of supervised release after imprisonment of not more than three (3) years. The defendant further understands that supervised release is a period of supervision during which he must comply with certain rules. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment for a term of the remainder of the term to be served, without credit for any time already served on the term of supervised release. The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when sentencing.

10.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

11.

The United States and the defendant stipulate, for purposes of Rule 11(b)(3) of the Federal Rules of Criminal Procedure and pursuant to Section 6B1.4 of the United States Sentencing Guidelines, to the following factual basis:

    The American Alligator is listed as a threatened species, pursuant to the Endangered Species Act. 50 C.F.R. § 17.11. The Lacey Act makes it a crime to knowingly acquire wildlife which the defendant knew was taken in violation of some law, in this instance, the Endangered Species Act, Title 16, United States Code, Sections 3372(a)(1), 3373(d)(2), and that the market value of the wildlife was more than $350. The Endangered Species Act, Title 16, United States Code, Section 1538(a)(1)(G), makes it a crime to take a threatened American Alligator in violation of the laws and regulations of the State of Louisiana, Title 50, Code of Federal Regulations, Section 17.42(a)(2)(ii)(B) (special rules for American alligators).

    Louisiana strictly regulates the hunting of alligators in the wild. Licensed alligator hunters/helpers are required to have hide, or Convention on International Trade in Endangered Species, tags for each alligator killed. Each hide tag specifies a particular area where the alligator hunting is to occur. The back of hunters' licenses read: "Alligator tags can only be used on the lands applied for and approved on the application." Taking an alligator in an area for which the hunter does not have tags is illegal.

    On or about the dates below, Gregory K. Dupont, a licensed Alligator Hunter guided his clients to an area, described below, which was unapproved, that is, an area for which Gregory K. Dupont did not have CITES tags.

    On or about September 6-8, 2006, during one of the hunts, Gregory K. Dupont took his clients to hunt alligators on Mabile family property in Iberville Parish. During this hunt, one of the clients killed an American Alligator without the required authority from the State of Louisiana. Dupont tagged the alligator with a tag for another property. He did not have tags permitting them to hunt in this area.

The United States and the defendant stipulate to the United States Sentencing Guidelines (U.S.S.G.) as follows:

The base offense level for offenses involving wildlife is six (6), pursuant to U.S.S.G § 2 Q2.1(a).

The offense was committed for pecuniary gain, or otherwise involved a commercial purpose, increasing the offense level by two (2) levels, pursuant to U.S.S.G § 2Q2.1(b)(1).

5

The offense involved wildlife that are listed as threatened by the Endangered Species Act, increasing the offense level by four (4) levels, pursuant to U.S.S.G. § 2Q2.1(b)(3)(B).

Based on the defendant's role in the offense, the defendant was an organizer, leader, or manager, or supervisor in the criminal activity, increasing the level by two (2) levels, pursuant to U.S.S.G. § 3B1.1(c).

12.

The United States agrees that any relevant conduct involved this offense will not increase the market value of the offense. The United States further agrees not to pursue a fine if the probation office, following a review of the defendant's truthful financial statement, determines that the defendant is unable to pay a fine.

The United States further agrees to move for a reduction of the offense level by three (3) levels, for acceptance of responsibility, if the offense level is determined to be a level sixteen (16) or above. If the offense level is determined to be less than a level sixteen (16), the United States agrees to move for a reduction of the offense level by two (2) levels, pursuant to U.S.S.G. § 3E1.1.

13.

The defendant hereby agrees to abandon any interest, ownership or rights to the seized wildlife involved in this case, including but not limited to, the thirteen (13) seized American Alligator hides. The defendant also agrees to withdraw any remedial claim in the pending civil forfeiture matter.

14.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement and acknowledges that no promises or assurances have been made to him as to what the sentence will be. The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that he has not been threatened, intimidated, or coerced in any manner.

15.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that he fully understands the agreement. The defendant has no objection to the legal representation he has received.

This Plea Agreement is entered into this 10th day of February, 2012, at Baton Rouge, Louisiana.

_____
GREGORY K. DUPONT
DEFENDANT

_____
ALICE ESTILL
LBN 20801
ATTORNEY FOR DEFENDANT
601 Napolean Street
Baton Rouge, LA 70802
Telephone: (225) 381-9305

_____
DONALD J. CAZAYOUX, JR.
LBN 20742
UNITED STATES ATTORNEY

_____
SHENNIE PATEL
TRIAL ATTORNEY
ENVIRONMENTAL CRIMES SECTION
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0295

_____
SUSAN L. PARK
TRIAL ATTORNEY
ENVIRONMENTAL CRIMES SECTION
601 D Street NW
Washington DC 20004
Telephone: (202) 305-0897

7